IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRAIG B. WALKER, | : |
| Petitioner, | : CIVIL ACTION |
| | : |
| v. | : NO. 10-2009 |
| | : |
| JOHN KERESTES, | : |
| Respondent. | : |

**OPINION**

**Slomsky, J.**                                                                         **March 30, 2011**

**I. INTRODUCTION**

Before the Court is the Petition of Craig Walker ("Petitioner"), a state prisoner, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner seeks reinstatement of his right to take a direct appeal of his conviction in state court. The Petition was assigned to Magistrate Judge Arnold C. Rapoport, who recommended that the Habeas Petition be dismissed as untimely filed. Therefore, no decision was rendered on the merits of Petitioner's argument that he should be allowed to file a direct appeal in state court. Petitioner filed objections to the finding of untimeliness. In order to decide whether Petitioner's federal habeas corpus petition was filed untimely, the Court has considered the Petition for Writ of Habeas Corpus (Doc. No. 1), Respondent's Memorandum of Law in Response to Petition for Writ of Habeas Corpus (Doc. No. 14), Magistrate Judge Arnold C. Rapoport's Report and Recommendation (Doc. No. 15), Petitioner's Objections to the Proposed Findings of Fact and Recommendation (Doc. No. 16),

and Respondent's Memorandum of Law in Response to Objections (Doc. No. 17).[1]

After review of the filings of the parties, Magistrate Judge Rapoport issued a Report and Recommendation on January 25, 2011, concluding with a finding that the Petition be denied with prejudice and dismissed without an evidentiary hearing. (Doc. No. 15.) Additionally, Judge Rapoport found that there is no probable cause to issue a certificate of appealability. (Doc. No. 15.) As noted, Petitioner filed Objections to the Report and Recommendation (Doc. No. 16) and Respondent filed a Memorandum of Law in Response to Petitioner's Objections (Doc. No. 17.) The Court must now "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. [The Court] may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C). For reasons that follow, the Court will not adopt the Report and Recommendation and will recommit the case to the Magistrate Judge to consider the Petition on the merits.

## II.   FACTUAL BACKGROUND

On August 29, 2003, Petitioner had a firearm and began shooting at four men standing in front of a Chinese take-out shop in Philadelphia. (Doc. No. 15 at 1.) One of the men, Marvin Williams, ran west on Rising Sun Avenue and Petitioner ran after him. (Id. at 2.) Petitioner shot Williams, hitting him once in the back. Williams then pulled his own gun, turned around and fired at Petitioner. (Id.) Williams was hit a second time in the chest before shooting Petitioner once in the back and once in the testicles. (Id.) Petitioner fled the scene on his bicycle. (Id.)

---

[1] The Magistrate Judge did not order the state court record because "the Commonwealth's exhibits fully set forth the history of [Petitioner's] state court proceedings." (Doc. No. 15 at 1.)

Williams later positively identified Petitioner as the shooter. (Id.)  On March 18, 2004, Petitioner was convicted of Aggravated Assault and related offenses after a three-day bench trial in front of the Honorable Rayford A. Means.  (Doc. No. 14 at 1.)  On April 21, 2004, the court imposed a sentence of 10 to 20 years in prison.  (Id.)

Following his conviction and sentencing, Petitioner's counsel filed a timely notice of appeal.  (Doc. No. 15 at 2.)  Thereafter, Petitioner sought leave from the Pennsylvania Superior Court to proceed *pro se*.  (Id.)  The Superior Court remanded the matter to the trial court for the purpose of holding a hearing and Petitioner was subsequently permitted to represent himself on appeal.  (Id.)  On September 14, 2005, he filed a *pro se* application for extension of time to file a brief.  (Id.)  On October 5, 2005, he was granted a thirty-day extension of time; however, he failed to timely file a brief.  Rather, on November 9, 2005, he filed an Application for Remand.  (Id.)  On December 9, 2005, the Application was denied and Petitioner was directed to file an appellate brief within thirty days.  (Id.)  Petitioner again failed to file a brief.  (Id.)  Petitioner's appeal was dismissed on February 6, 2006.  (Id.)

Petitioner timely filed a *pro se* Post-Conviction Relief Act ("PCRA") petition—the date of which is the focus of this Opinion.  Petitioner alleged in the PCRA petition that he was unable to file a timely direct appellate brief for many reasons.  First, he was confined in a restrictive housing unit ("RHU") for sixty days beginning on October 27, 2005; second, upon release from the RHU on December 22, 2005, he was not provided with his legal papers; and third, he did not receive his legal papers until ten days after his release, and even then some items were missing.  (Doc. No. 15 at 3.)  The PCRA court appointed counsel who filed an amended petition reiterating the claim that he was unable to timely file his appellate brief because his legal

materials were wrongfully withheld by prison officials. (Id.) He claimed that improper obstruction by governmental officials prevented him from filing a timely brief and requested that his appeal rights be reinstated nun pro tunc. (Id.) In the alternative, he asked for an evidentiary hearing on his claims. (Id.) The PCRA court dismissed his petition without conducting a hearing. (Id.)

On October 8, 2009, the Superior Court affirmed the dismissal of the Petition. (Doc. No. 15 at 3.) The court found that Petitioner was not entitled to reinstatement of his appeal rights because he had voluntarily waived his right to counsel on appeal, and the dismissal of Petitioner's direct appeal was due solely to his own failure to file an appellate brief. (Id. at 4.) Further, the Superior Court held that Petitioner had not shown an improper obstruction of justice by government officials to support the convening of an evidentiary hearing. (Id.) The court reasoned that since Petitioner had been able to successfully file a petition for remand during the time in which he was confined in the RHU, Petitioner had not demonstrated that he was obstructed from filing a timely appellate brief. (Id. at 3-4.) On March 23, 2010, the Pennsylvania Supreme Court denied his petition for allowance of appeal. (Id. at 4.) Petitioner signed the instant Habeas Petition on April 22, 2010, asserting that he is entitled to the reinstatement of his direct appeal rights due to the improper obstruction by governmental officials which prevented him from filing a timely appellate brief.[2] (Id. at 5.) The Habeas

---

[2] As Magistrate Judge Rapoport noted, Petitioner also raises several grounds for relief that presumably "he would raise in the state courts if his appellate rights are reinstated including: (1) the arresting officers lacked probable cause; (2) judicial misconduct; (3) prosecutorial misconduct; (4) ineffective assistance of appellate counsel; (5) ineffective assistance of trial counsel; (6) insufficient evidence to support the verdict; (7) self defense; and (8) newly discovered evidence." (Doc. No. 15 at 5; Doc. No. 1.)

Petition was filed of record in this Court on April 29, 2010.

Magistrate Judge Rapoport dismissed Petitioner's Habeas Petition as untimely. (Id. at 6-7.) The Magistrate found that the one year statute of limitations in which to file a federal habeas petition began to run on March 9, 2006, thirty days after the Superior Court dismissed Petitioner's appeal for failure to file a brief. (Id. at 5.) The one year limitations period was tolled when Petitioner filed his PCRA petition, which Magistrate Judge Rapoport accepted as being filed on February 13, 2007. (Id.) Based on the February 13, 2007 filing date, the PCRA petition was filed three hundred and forty–one days after the statute of limitations for Petitioner's federal habeas claim had begun to run. This date leaves twenty-four days remaining on the clock. (Id.) The statute of limitations clock began to run again on March 25, 2010, the day after the Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal. (Id.) Therefore, using the February 13, 2007 PCRA petition filing date, the statute of limitations was set to expire on April 18, 2010. (Id.) The Magistrate Judge deemed the petition filed on the date in which petitioner signed it – April 22, 2010, four days after the limitations period had lapsed. (Id.) The Magistrate Judge held that the petition was time barred and for this reason has recommended that the petition be denied. (Id. at 7.)

In his Objections, Petitioner challenges the Magistrate's finding that the PCRA petition was filed on February 13, 2007. (Doc. No. 16 at 4). Petitioner asserts that the PCRA petition was actually filed on February 6 or 8, 2007, and therefore, that his instant Habeas Petition was filed within the one year statute of limitations period. (Id.)

## III. DISCUSSION

Petitioner asserts that pursuant to the Prisoner Mailbox Rule, his PCRA petition was filed on either February 6, 2007 or February 8, 2007, when he gave the petition to prison officials, rendering his Habeas Petition timely. (Doc. No. 16 at 4.) Petitioner is unsure of this exact date, but asserts it was one or the other. His objection lists February 8, 2007 as the date the Petition was handed to prison officials. (Id. at 4.) In support of his position, Petitioner directs this Court to his Inmate Accounting System Ledger where there is an $8.45 charge for postage appearing on February 6, 2007. (Doc. No. 16, Ex. A at 1.) Petitioner argues that the date of the $8.45 ledger deduction for postage represents the date the PCRA was filed by prison officials. (Id. at 3-4.) By way of comparison, Petitioner notes that the ledger entry for postage on February 13, 2007, the date the Magistrate Judge accepted as the date the PCRA petition was filed, reveals only two $0.02 deductions for postage. (Id. at 4, Ex. B.) This small amount would not cover the expense of postage to mail a Habeas Petition to this Court. However, the $8.45 for postage on February 6, 2007 would cover such a mailing. Given the dates of the filing of the PCRA petition as alleged by Petitioner and the entries in the Ledger, Petitioner has sufficiently proven that the instant Habeas Petition is not time-barred and should be considered on the merits.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a petition for a writ of habeas corpus must be filed within one year from "the date on which the [petitioner's] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The one-year time limitation is statutorily tolled during the time when a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. §

2244(d)(2).

Both Pennsylvania and federal law recognize the Prisoner Mailbox Rule.  See Houston v. Lack, 487 U.S. 266 (1988) (holding notice of appeal considered filed when *pro se* Petitioner gives petition to prison employees), Com. v. Jones, 700 A.2d 423 (Pa. 1997) (extending prisoner mailbox rule to all appeals by *pro se* prisoners), Com. v. Little, 716 A.2d 1287 (Pa. Super. Ct. 1998) (recognizing prisoner mailbox rule as applicable to PCRA petitions).  According to the Prisoner Mailbox Rule, the "date of the filing of the PCRA petition by [Petitioner] to the proper prison authority or to the prison mailbox is considered the date of the filing of the petition." Com. v. Castro, 766 A.2d 1283, 1287 (Pa. Super. Ct. 2001).  Magistrate Judge Rapoport has implicitly acknowledged the acceptance of the Prisoner Mailbox Rule elsewhere in his Report and Recommendation.  (Doc. No. 15 at 5 n.2) ("Giving [Petitioner] full advantage of the facts, I will construe the [Habeas Petition] as filed on the date he indicated that he signed it.")  Magistrate Judge Rapoport did not have before him Petitioner's Inmate Accounting System Ledger.  Consequently, he used the date of signing the Petition as the best evidence of the filing date rather than the date of a charge for postage as noted in the Ledger.  Pursuant to the Prisoner Mailbox Rule, Petitioner's PCRA petition is deemed filed on the date when Petitioner gave the PCRA petition to prison employees.  Here, the best evidence of this date is the date of the postage withdrawal on February 6, 2007.

Accordingly, Petitioner's conviction became final and the federal limitations period began to run on March 9, 2006.  See Pa. R. App. P. 1113(a).  The one year limitations period was tolled on the date the Petitioner's PCRA petition was filed, or February 6, 2007.  On March 25, 2010, when the Pennsylvania Supreme Court denied Petitioner's petition for allowance of

appeal, it began to run again. Filing of the instant Habeas Petition on April 22, 2010, the date of signing, would bring the filing within the statute of limitations period.

Interestingly, Petitioner suggests two different dates in his objections as the date in which he gave his PCRA petition to prison officials – February 6, 2007 and February 8, 2007.[3] Regardless of which date Petitioner gave his PCRA petition to prison officials, either would render the instant Habeas Petition as timely. If the PCRA was filed on February 8, 2007, it would have tolled the limitations period at that point, and left twenty-nine days remaining on the one-year statute of limitations. It follows that on March 25, 2010, when the remaining days in the one year statute of limitations began to run again, Petitioner had twenty-nine days left in which to file the instant Habeas Petition. If the PCRA was filed on February 6, 2007, it would have left thirty-one days in which to timely file the Habeas Petition in this Court. Either date would then make the last date the Petitioner could have filed in this Court his Habeas Petition April 23, 2010 (if the PCRA petition was filed on February 8, 2007) or April 25, 2010 (if the PCRA petition was filed on February 6, 2010). Assuming that either date was the date of filing, Petitioner's instant Habeas Petition filed on April 22, 2010 would be timely filed.

In view of Petitioner's ledger deductions on the relevant dates, and pursuant to the Mailbox Rule, it seems unlikely that the PCRA petition was filed on February 13, 2007. In fact, in Respondent's Reply to Petitioner's Objections, Respondent asserts that at the time Judge Rapoport issued the Report and Recommendation "there was no reason to believe the date that

---

[3] Petitioner also asserts that February 4, 2007 could be the date when his PCRA petition was filed. This date was advanced in his Habeas Petition. He does not rely upon this date in his objections to the Report and Recommendation of Magistrate Judge Rapoport. This date would also make the Habeas Petition timely filed.

the PCRA [petition] was docketed was anything other" than February 13, 2007, but acknowledges that "[i]f petitioner really filed his PCRA petition on February 6, 2007, the [instant habeas] petition may be timely filed." (Doc. No. 17 at 1-2.)

Accordingly, the Court finds merit in Petitioner's objection regarding the filing date of his PCRA petition and consequently the timeliness of the filing of the instant Habeas Petition. The Petition should not be dismissed as untimely given the newly asserted evidence of the relevant filing date.

## IV. CONCLUSION

For the foregoing reasons, the Court will consider the Petition as timely filed and will recommit the case to the Magistrate Judge for a decision on the merits.

An appropriate Order follows.